IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | _____ |
| v. | ) ) | COMPLAINT JURY TRIAL DEMAND |
| ADVANCED COMPUTER LEARNING COMPANY, LLC | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Juliana Little and Michele Delor-Adams, and a class of similarly situated women who were adversely affected by such practices. Specifically Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Advanced Computer Learning Company, LLC ("Defendant") subjected Juliana Little and Michele Delor-Adams, and a class of similarly situated women to sexual harassment and a sexually hostile work environment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3)  of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been doing business in the State of North Carolina and the city of Fayetteville, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Juliana Little and Michele Delor-Adams filed charges with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      From in and around November 2005 until at least March 2006, Defendant engaged in unlawful employment practices at its facility in Fayetteville, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as set forth below:

a.      Defendant subjected Juliana Little to sexual harassment and a sexually hostile work environment based on her sex, female.  The harassment was perpetrated by a manager in Juliana Little's direct line of supervision.  The harassment was

severe or pervasive and included, but was not limited to, showing sexual pictures of women and female anatomy, as well as making unwelcome sexual comments about Ms. Little and other female employees. Although Juliana Little complained about the harassment to Defendant, the harassment continued.

b. Defendants subjected Michele Delor-Adams to sexual harassment and a sexually hostile work environment based on her sex, female. The harassment was perpetrated by a manager in Michele Delor-Adams' direct line of supervision. The harassment was severe or pervasive and included, but was not limited to, showing sexual pictures of women and female anatomy, unwelcome sexual comments, sexual jokes and unwelcome touching. Although Delor-Adams complained about the harassment to Defendant, the harassment continued.

c. Defendants subjected a class of similarly situated women to sexual harassment and a sexually hostile work environment based on their sex, female. The harassment was perpetrated by a manager in the direct line of supervision of the aggrieved women. The harassment was severe or pervasive and included but was not limited to unwelcome sexual comments, pictures, and/or touching.

8. The effect of the practice complained of in paragraph 7 above has been to deprive Juliana Little, Michele Delor-Adams, and a class of similarly situated women of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Juliana Little, Michele Delor-Adams and a class of similarly situated women.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from creating or maintaining a sexually hostile work environment or any other employment practice which discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices.

C.     Order Defendant to make whole Juliana Little, Michele Delor-Adams, and a class of similarly situated women, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to medical expenses, in amounts to be determined at trial.

D.     Order Defendant to make whole Juliana Little, Michele Delor-Adams, and a class of similarly situated women, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

4

E.      Order Defendant to pay Juliana Little, Michele Delor-Adams, and a class of similarly situated women, punitive damages for their malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 24th day of September 2007.


Respectfully submitted,


RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes_____
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
129 W. Trade Street., Suite 400
Charlotte, NC 28202
Telephone: (704) 344-6880
Facsimile (704) 344-6780
E-mail: Lynette.Barnes@eeoc.gov

/s/ Tracy Hudson Spicer
TRACY HUDSON SPICER (MD Bar No. 08671)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W., Suite 100
Washington, DC 20507-1002
Telephone:      (202) 419-0711
Facsimile:      (202) 419-0701
E-mail: Tracy.Spicer@eeoc.gov


/s/  Kerith Cohen
KERITH COHEN (VA Bar No. 39069)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Norfolk Federal Building
200 W. Granby Street, Suite 739
Norfolk, Virginia 23510
Telephone (757) 441-3505
Facsmile: (757) 441-6720
E-mail: Kerith.Cohen@eeoc.gov

6